IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEIA A. PESSINI,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

CIVIL ACTION FILE

NO. 1:17-CV-01058-SCJ-WEJ

## **FINAL REPORT AND RECOMMENDATION**

On February 16, 2017, plaintiff pro se, Leia A. Pessini, filed a civil action [1-1] in the Superior Court of Bartow County, Georgia, against defendant, Nationstar Mortgage, LLC ("Nationstar"), alleging violations of federal and state law in connection with real property located at 16 Antebellum Court SW, Cartersville, Georgia 30120 (the "Property"). On March 23, 2017, Nationstar removed that case to this Court.[1] (See Notice of Removal [1].) The matter is before the Court on defendant's Motion to Dismiss for Failure to State a Claim [3]. For the reasons set forth below, the undersigned **REPORTS** that Ms. Pessini

---

[1] It appears that this case was improperly removed to the Atlanta division, of this Court, rather than the Rome division. However, given the undersigned's recommendation that this case be dismissed, transfer of venue is unnecessary.

has failed to state a plausible claim for relief. Accordingly, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED**.

I. **FACTUAL BACKGROUND**

This is the fourth lawsuit filed against defendant in relation to the Property.[2] See Pessini v. Nationstar Mortg., LLC, No. 4:15-CV-00053-HLM-WEJ ("Pessini I") (voluntarily dismissed by plaintiff after the undersigned recommended granting Nationstar's motion to dismiss); Pessini v. Nationstar Mortg., LLC, No. 4:15-CV-00123-HLM-WEJ ("Pessini II") (Nationstar's motion to dismiss granted and case dismissed); Pessini v. Nationstar Mortg., LLC, ("Pessini III") No. 4:16-CV-00015-HLM-WEJ (same). As in the earlier lawsuits, the Complaint [1-1] in the instant case is a form Complaint. In fact, it appears nearly identical to the complaint filed by David Pessini in Pessini I.

Ms. Pessini's claims arise in connection with a May 2007 mortgage loan secured by the Property.[3] Defendant eventually began servicing that loan. (See

---

[2] The first three Pessini cases were brought by David Pessini; the instant action was brought by the second borrower listed on the Security Deed [1-2], Leia A. Pessini.

[3] As discussed infra, plaintiff makes few factual allegations in the Complaint. The Court takes the facts surrounding the mortgage loan transaction from those set forth in Pessinis I, II, and III, as well as the Security Deed [1-2] attached as an exhibit to defendant's Notice of Removal. The Court may take

2

Def.'s Notice of Removal, Ex. B [1-2] (the "Security Deed"). As the Court noted in Pessini I, the instant action appears to be

> yet another in a series of actions filed in state court and then removed by defendant to this Court in which a pro se plaintiff, facing the loss of a parcel of real property for failing to pay the mortgage, files documents obtained from the Internet in a flawed attempt to forestall or set aside the non-judicial foreclosure sale of the property.

See Pessini I, Final R&R of Apr. 22, 2015, at 2. As defendant points out, the instant Complaint is also virtually identical to complaints recently filed by other litigants against Nationstar and dismissed by this Court. See, e.g., Samuel v. Nationstar Mortg., No. 1:15-CV-0350-TCB-LTW (N.D. Ga. removed Feb. 4, 2015); Akkan v. Nationstar Mortg., No. 1:14-CV-2825-MHS-ECS (N.D. Ga. removed Sept. 2, 2014); Tonea v. Nationstar Mortg., No. 1:14-CV-2397-WSD-ECS (N.D. Ga. removed July 25, 2014).

In the form Complaint, plaintiff makes the following claims against Nationstar: (1) "Count I—Fraudulent Conversion"; (2) "Count II—Mortgage Servicing Fraud"; (3) "Count III—Declaratory Judgment (Credit Default Swap)";

---

judicial notice of public records within its files that relate to a particular case before it or to other related cases, Cash Inn of Dade, Inc. v. Metro. Dade Cty., 938 F.2d 1239 (11th Cir. 1991), and consider documents referenced in the Complaint and central to plaintiff's claims without converting the motion into a motion for summary judgment. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) (per curiam).

(4) "Count IV—Unfair And/Or Deceptive Business Practices"; and (5) "Count V—Fraud And/Or Attempted Fraud." (See generally Compl.)[4] Defendant maintains that plaintiff's claims are barred by res judicata, and that regardless, each of the claims is meritless and should be dismissed. (See generally Def.'s Br. [3-1].) Additionally, defendant asserts that the Complaint constitutes an impermissible shotgun pleading. (Id.) Ms. Pessini did not file a response to the Motion to Dismiss and the time to do so has expired.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal

---

[4] Confusingly, plaintiff also appears to allege violations of the Truth in Lending Act and Real Estate Settlement Procedures Act in a section at the beginning of the Complaint titled "Facts." (See Compl. ¶¶ 6-12.)

4

conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam). Similarly, the Court does not accept as true "unwarranted deductions of fact or legal conclusions masquerading as facts." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks and citation omitted).

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). Moreover, "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Because plaintiff has failed to file a response in opposition to Nationstar's motion, it is deemed unopposed. N.D. Ga. Civ. R. 7.1.B; see also Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998) (noting that when a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge.) Moreover, although "a trial judge is to employ less stringent standards in assessing pro se pleadings[,] this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (internal punctuation omitted); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

6

## III. ANALYSIS

Although the district court may properly grant Nationstar's Motion to Dismiss based on plaintiff's failure to respond alone, the undersigned reviews the merits of that Motion below for purposes of providing a complete Report. Because plaintiff has failed to state a viable claim for relief, the undersigned **RECOMMENDS** that this case be dismissed.

### A. The Complaint is a Shotgun Pleading

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citations omitted). In this regard, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If the Court concludes that plaintiff's complaint has failed to meet the requirements of Rule 8(a) or 10(b), it may dismiss the complaint sua sponte for failure to state a claim. Driessen ex rel B.O. v. Fla. Dep't of Children & Families, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming district court's sua sponte dismissal under Rule 8(a) for failure to state a claim).

While there is no precise definition of a "shotgun pleading," "[w]here . . . each count incorporates every antecedent allegation by reference, the defendant's affirmative defenses are not likely to respond to a particular cause of action but, instead, to the complaint as a whole. Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). Similarly, "shotgun pleadings" are often "framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic] in separate counts." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (shotgun pleading defined by "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading.").

The Complaint is an impermissible shotgun pleading. It is eighty-seven paragraphs long, and includes a Notice of Complaint introduction section, a Facts section, and at least five causes of action that each incorporate all prior allegations. See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) (shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for

relief," and all of which "are incorporated by reference into each count of the complaint").

Additionally, because of the confusing and disjointed manner in which the Complaint is drafted, the undersigned cannot determine the substance of plaintiff's allegations. As defendant observes, the Complaint contains numerous narrative paragraphs describing the mortgage industry as a whole, as well as allegations against non-parties Countrywide Home Loan and MERS. Plaintiff does not provide any facts specific to her claims; as noted above, she does not even allege the amount owed on her mortgage. Instead, as in each of the previous Pessini cases, plaintiff generally cites legal authority without explanation of how Nationstar took identifiable actions that might have violated any of the requirements of the causes of action alleged. As a result, the Complaint is a shotgun pleading.

Additionally, the undersigned notes that plaintiff's use of a form complaint evidences that her claims were not brought in good faith. See Martin v. Citimortgage, No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *6 n.8 (N.D. Ga. Aug. 3, 2010), R. & R. adopted by 2010 WL 3418322 (Aug. 25, 2010). ("[T]hat Plaintiff filed the same boilerplate complaint as many other litigants suggests that her claims were not brought in good faith.").

9

Accordingly, defendant's Motion to Dismiss should be **GRANTED** and the Complaint should be **DISMISSED**.[5]

## IV. **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [3] be **GRANTED**.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 25th day of April, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Because of this recommendation, the undersigned need not discuss defendant's contentions regarding res judicata or the specific insufficiencies of each of plaintiff's causes of action.

10